UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON LUMINANCE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and<br>AMAZON DIGITAL SERVICES, INC.,<br><br>    Defendants. | Civil Action No. |

**COMPLAINT FOR PATENT**
**INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") files this complaint for patent infringement against Amazon.com, Inc. and Amazon Digital Services, Inc. (collectively "Amazon" or "Defendants") and states as follows:

**THE PARTIES**

1. Plaintiff Lexington Luminance LLC is a limited liability company organized under the laws of Massachusetts with its principal place of business at 468 Lowell Street, Lexington, Massachusetts 02420.

2. On information and belief, Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com, Inc.'s registered agent for service in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. On information and belief, Amazon Digital Services, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington and is a wholly-owned

subsidiary of Amazon.com, Inc. Amazon Digital Service, Inc.'s registered agent for service in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Upon information and belief, Amazon manufactures for sale and/or sells computer products to consumers in the United States and, more particularly, in the District of Massachusetts.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

6. Venue is proper in the District of Massachusetts under 28 U.S.C. §§1391 and 1400(b). On information and belief, Amazon has committed acts of infringement in this judicial district and has purposely transacted business in this judicial district.

7. This Court has personal jurisdiction over the Defendants. Defendants have conducted and do conduct business within the Commonwealth of Massachusetts. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products in the United States, the Commonwealth of Massachusetts, and the District of Massachusetts. Defendants purposefully and voluntarily sold one or more of their infringing products with the expectation that they will be purchased by consumers in the District of Massachusetts. These infringing products have been and continue to be purchased by consumers in the District of Massachusetts. Defendants have committed acts of patent infringement within the United States and, more particularly, within the District of Massachusetts.

**PATENT INFRINGEMENT**

8. Lexington incorporates by reference paragraphs 1-7 as if fully set forth herein.

9. On August 30, 2005, United States Patent No. 6,936,851 ("the '851 patent") entitled "Semiconductor Light-Emitting Device and Method for Manufacturing Same" was duly and legally issued after full and fair examination. Lexington is the owner of all right, title, and interest in and to the '851 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. The '851 patent is attached hereto as Exhibit A.

10. The '851 patent is valid and enforceable.

11. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '851 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '851 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendants.

12. Upon information and belief, Defendants have infringed and/or continue to infringe one or more claims of the '851 patent in this judicial district and elsewhere in Massachusetts and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling, and/or importing e-reader devices and tablet computers, including, without limitation, the Kindle Fire and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '851 patent in substantially the same way to achieve the same result.

13. Defendants have been at no time, either expressly or impliedly, licensed under the '851 patent.

14. Defendants' acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of the wrongful acts of Defendants in an amount subject to proof at trial. Defendants' infringement of Plaintiff's rights under the '851 patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy of law, unless enjoined.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, Plaintiff prays for judgment that:

1. Defendants have infringed the '851 patent.

2. Plaintiff recover actual damages under 35 U.S.C. § 284;

3. Plaintiff be awarded supplemental damages for any continuing post-verdict infringement up until final judgment;

4. Plaintiff be awarded an accounting of damages;

5. A judgment and order requiring Defendants to pay to Plaintiff pre-judgment and post-judgment interest on the damages awarded, including an award of pre-judgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '851 patent by Defendants to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

      6.      A judgment and order that Defendants, their agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '851 patent;

      7.      In the event a final injunction is not awarded, a compulsory ongoing royalty; and

      8.      Such other and further relied as the Court deems just and equitable.

Dated: November 29, 2012

Respectfully submitted,

LEXINGTON LUMINANCE LLC,
By its attorneys,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Anne Marie Longobucco (BBO#649299)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com