IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEXINGTON LUMINANCE LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 1:12-cv-12216-DJC |
| | § | |
| AMAZON.COM, INC. and | § | JURY DEMANDED |
| AMAZON DIGITAL SERVICES, INC., | § | |
| | § | LEAVE TO FILE GRANTED ON |
| *Defendants*. | § | JUNE 18, 2015 |

### LEXINGTON LUMINANCE LLC'S SURREPLY IN OPPOSITION TO AMAZON'S MOTION TO STRIKE THE AMENDED COMPLAINT

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") hereby files this Surreply in opposition to Defendants' Amazon.com, Inc.'s and Amazon Digital Services, Inc.'s (collectively "Amazon" or "Defendants") Motion to Strike Lexington's Amended Complaint (Dkt. 103), and would respectfully show the Court as follows.

Amazon's opening memorandum focused almost entirely on its procedural argument: that Lexington's amended complaint was not authorized by agreement of the parties. Perhaps realizing the weakness of that argument, Amazon's reply brief changes tack and focuses instead on futility of amendment. But in doing so, Amazon repeatedly misstates the law for pleading post-filing willfulness. Amazon's assertion that "no plaintiff may bring a willfulness claim based entirely on post-complaint conduct unless that plaintiff pressed an immediate motion for preliminary relief upon filing suit" is simply incorrect. Adding a post-filing willful infringement is entirely appropriate, as Judge Gorton has ruled in the parallel case brought by Lexington against Osram Sylvania, Inc. *See Lexington Luminance LLC v. Osram Sylvania Inc.*, 972 F. Supp. 2d 88, 94 (D. Mass. 2013). Amazon primarily argues that the Federal Circuit held

in *Seagate* that willful infringement cannot be based on post-filing knowledge if the plaintiff does not seek a preliminary injunction. But as courts in this district, as well as many other courts, have repeatedly recognized, where, like here, the patent owner is a non-practicing entity, post-filing willfulness is not barred by failing to file a motion for a preliminary injunction. After all, such a motion would likely be denied for reasons unrelated to the strength of the patent infringement claim. Amazon makes a host of other, secondary arguments why Lexington's willfulness allegations should be dismissed, but none have merit.

## ARGUMENT

Lexington, in its amended complaint, has alleged that Amazon has willfully infringed Lexington's patent because Amazon has continued selling infringing products despite learning of Lexington's patent through service of Lexington's original complaint. Lexington's allegations of willful infringement of its patent rest upon Amazon's post-filing conduct.

### I. LEXINGTON WAS NOT REQUIRED TO SEEK LEAVE OF THIS COURT BEFORE ADDING A WILLFULNESS CLAIM

Amazon continues to cite to the provision in Rule 15(a)(2) that requires leave of Court before amending. Lexington filed its amendment under Rule 16(b) pursuant to this Court's scheduling order. In that scheduling order, the Court set a July 2, 2015, deadline "for adding parties or to amend the pleadings *without leave*." Dkt. 100 (emphasis added). Despite that unqualified permission, Amazon would construe that order to require Lexington to obtain leave to amend the Complaint in any manner not expressly authorized by the parties' agreement.

### II. LEXINGTON HAS STATED A CLAIM FOR POST-FILING WILLFUL INFRINGEMENT BY AMAZON

#### A. Amazon Confuses the Holding of *Seagate*

Amazon relies on portions of *Seagate* that are pure *dicta*. In those portions of *Seagate*, the Federal Circuit only offered additional reasons why certain opinions of appellant's counsel

should be privileged and not subject to discovery. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1365 (Fed. Cir. 2007) (stating that the decision "clarif[ied] the scope of the waiver of attorney-client privilege and work product protection"). Many courts have thus held that the Federal Circuit's comments about post-filing damages in *Seagate* were *dicta*. *See, e.g.*, *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am.*, No. 9:08-cv-171, Dkt. 143, at 6 (E.D. Tex. Sept. 2, 2009) ("the Federal Circuit's comments about post-filing damages in *Seagate* were *dicta*.").

Moreover, even if Seagate's *dicta* were followed, it expressly left open the possibility of establishing post-filing willful infringement without a preliminary injunction:

> We also recognize that **in some cases a patentee may be denied a preliminary injunction despite establishing a likelihood of success on the merits**, such as when the remaining factors are considered and balanced. In that event, **whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case**.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (emphasis added). Contrary to Amazon's assertions, *Seagate* clearly did not create a *per se* bar to a post-filing willful infringement claim. *See, e.g., Constellation Techs. LLC v. Time Warner Cable Inc.*, 2:13-cv-1079, Dkt. 127, at 2 (E.D. Tex. Sep. 29, 2014).

When a plaintiff is a non-practicing entity, it makes no sense to require it to file for a preliminary injunction in order to be allowed to allege post-filing willfulness. Many courts have recognized that non-practicing status disfavors preliminary injunctive relief for reasons unrelated to the merits of the patent infringement claim. *See, e.g.*, *Mobile Telecommc'ns Techs., LLC v. Sprint Nextel Corp.*, 2:12-cv-832, Dkt. 229, at 2–3 (E.D. Tex. Aug. 25, 2014) (noting that requiring non-practicing plaintiff to move for a preliminary injunction to preserve a claim for post-filing willful infringement would be "contrary to common sense"); *Lexington Luminance LLC v. Osram Sylvania Inc.*, 972 F. Supp. 2d 88, 94 (D. Mass. 2013) ("Here, as in

*Englishtown,* plaintiff does not practice the patented invention and does not compete with defendant and, therefore, requiring plaintiff to seek preliminary injunctive relief in order to state a willful infringement claim would be a frivolous exercise." (citing *Englishtown, Inc. v. Rosetta Stone Inc.,* 962 F.Supp.2d 355, 359, Civ. No. 12–10636–NMG, 2013 WL 3892829, at *3 (D.Mass. July 25, 2013)); *WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, No. 6:10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012) (holding that requiring a non-practicing plaintiff to move for a preliminary injunction to plead post-filing willful infringement "would be an unnecessary burden on the parties and the Court"); *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am.*, No. 9:08-cv-171, Dkt. 143, at 6, 2009 WL 9091275, at *4  (E.D. Tex. Sept. 2, 2009) ("It would make little sense to implement a *per se* rule where a [non-practicing] patentee who relies solely on post-filing conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief."); *DataQuill Ltd. v. High Tech Computer Corp.*, 887 F. Supp. 2d 999, 1015–16 (S.D. Cal. 2011); *Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 412 & n.174 (S.D.N.Y. 2010).  Accordingly, these courts have not required the empty gesture of moving for a preliminary injunction in order to allege post-filing willfulness.

Amazon relies heavily upon Lexington's allegation in the complaint that it has suffered irreparable harm from Amazon's infringement, as a means of purportedly distinguishing this case from *Osram Sylvania* and the host of other authority.  Amazon reasons that "[b]y alleging 'irreparable harm,' Lexington seems to be contending that it has some business interest—e.g., a competitive interest—affected by this case, and that might suffer 'irreparable harm.'"  Reply at 8. Based on this inference, Amazon argues that the present case is governed by those in which a competitor failed to move for a preliminary injunction.  *Id.* (citing *Zond, Inc. v. SK Hynix Inc.*,

No. 13-11591, 2014 WL 346008 (D. Mass. Jan. 31, 2014)).  But this argument fails for two reasons.  First, their inference that equates irreparable harm and competition incorrectly assumes that the only way of proving irreparable harm is if the parties are in competition.  But irreparable harm can be caused by other reasons.  For example, Amazon's continued infringement may encourage other potential infringers to infringe.  *See Hybritech, Inc. v. Abbott Laboratories*, 849 F.2d 1446, 1456 (Fed. Cir. 1988).

Second, even if Lexington establishes irreparable harm, Lexington may not be able to prove other elements of the four-factor test for injunctive relief, i.e., adequacy of money damages, balance of hardships, or public interest.  *See generally eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006).  In particular, courts may deny an injunction where the patent claims a component of the overall product.  *Id.* at 396–97 ("When the patented invention is but a small component of the product the companies seek to produce and the threat of an injunction is employed simply for undue leverage in negotiations, legal damages may well be sufficient to compensate for the infringement and an injunction may not serve the public interest.") (Kennedy, J., concurring). Here, the claims cover the LED component of Amazon's accused devices, so the same reasoning could apply. Accordingly, seeking a preliminary injunction would in all likelihood still be a waste of the parties' and the Court's resources, and the *Osram Sylvania* logic should apply.

Lexington does not practice the patents-in-suit, and has decided not to seek a preliminary injunction for that reason. Thus, Lexington is still allowed to pursue its willful infringement claim based on post-filing knowledge.

    **B.**    **Lexington's Willfulness Pleadings Are Sufficient**

Amazon argues that Lexington's willfulness claim in its proposed amended complaint fails to satisfy the standard set forth by the Federal Circuit in *Seagate*.  Reply at 5–9.  However,

*Seagate* only "addresses the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required." *Mobilemedia Ideas LLC v. HTC Corporation*, No. 2:10-cv-112, Doc. No. 83 at *4 (E.D. Tex. Sept. 15, 2011) (citing *Advanced Analogic Techns., Inc. v. Kinetic Techns., Inc.*, No. C-09-1360-MMC, 2009 WL 1974602 at *2 (N.D. Cal. July 8, 2009). Like pleading requirements for direct infringement, the bar for pleading willful infringement is not high. *Id.* at 3; *Lodsys, LLC v. Brother Intern. Corp.*, No. 2:11-cv-90, 2012 WL 760729 at *4 (E.D. Tex. Mar. 8, 2012); *see also IpVenture, Inc. v. Cellco Partnership*, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011). Lexington's post-filing willfulness allegations are properly grounded based on Amazon's knowledge of the patents acquired through service of Lexington's complaint. See *Imageware Systems, Inc. v. M2SYS Tech., LLC*, No. 13cv846 (S.D. Cal. Aug. 27, 2013) ("Here, willfulness is alleged in an amended complaint. It is therefore possible to ground it solely on Defendant's post-filing conduct based on knowledge of the patents acquired through service of the complaint."). Lexington amended complaint alleges when Amazon received notice of the patent-in-suit and that Amazon's continued alleged infringement is objectively reckless. Accordingly, these factual allegations state a claim for willful infringement.

"Actual knowledge of the infringement risk is not necessary to plead a claim for willful infringement; rather, a plaintiff may plead facts giving rise to 'at least a showing of objective recklessness' of the infringement risk." *St. Clair Intellectual Property Consultants, Inc. v. Hewlett-Packard Co.*, No. 10-425-LPS, at *4 (D.Del. Mar. 28, 2012) (concluding amendment was not futile, citing *Seagate*, 497 F.3d at 1371); *see also Krippelz v. Ford Motor Co.*, 670 F. Supp. 2d 806, 810 (N.D. Ill. 2009) (applying *Seagate* and opining that showing of recklessness

may rest on objectively-defined risk of infringement that was so obvious it should have been known given totality of circumstances).

Accordingly, Lexington's allegations in its proposed complaint are sufficient to plead a claim for willful infringement.  *See generally Rambus v. Nvidia Corp.*, 2008 WL 4911165, at *6-7 (N.D. Cal. Nov. 13, 2008) (holding that, in pleading willful infringement, "it is sufficient to allege that defendant's infringement has been 'deliberate' and in 'disregard' of the patents").

### C.   Lexington's Amendment Is Not Futile

Amazon also contends that Lexington's amendment is futile.  Resp. at 9.  An amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12.  Again, Amazon is mistaken, as explained recently:

> The pleading requirements for willful infringement are not clearly established; however, the majority of cases suggest that, much like direct infringement and its pleading requirements in accordance with Form 18 and Federal Circuit law, the bar for pleading willful infringement is not high. *MobileMedia Ideas LLC v. HTC Corp.*, 2011 WL 4347037, at *2 (E.D. Tex. Sept. 15, 2011) (citing *FotoMedia Techns., LLC v. AOL, LLC*, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008). *See also*, *Sony Corp. v. LG Electronics USA, Inc.*, 768 F.Supp. 2d 1058, 1064 (C.D. Cal. 2011).

*PB&J Software, LLC v. Decho Corp.*, No. 4:12-cv-00692 at *5 (E.D. Mo. Feb. 12, 2013) (finding that the defendant failed to meet its burden of showing that it would be legally futile to allow plaintiff to file its proposed amended complaint.).

### D.   Amazon Suggests that its Defenses Preclude Lexington's Ability to Plead Willfulness

Amazon argues that it could not have "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  Reply at 9.  Amazon confuses the proof requirements of willful infringement with the pleading requirements.  Amazon's asserted defenses are not at issue in the pleading stage.

**III.     AMAZON IS NOT PREJUDICED BY THE AMENDMENT**

Amazon does not dispute that, having only recently returned from appeal, this case is still in its relatively early stages.  Depositions have not yet started.  Another claim construction has been scheduled, and the Joint Claim Construction and Prehearing Statement is not due until September 17, 2015.  Amazon's argument that Lexington could have filed its amendment sooner ignores the fact that the case was dismissed by this Court during the pendency of the appeal.  In sum, any prejudicial effect on Amazon is negligible, and therefore any prejudice would not be undue.

**IV.     STRIKING THE AMENDMENT WOULD PREJUDICE LEXINGTON**

Amazon's sole argument explaining why Lexington would not be prejudiced by denying amendment is because, in Amazon's view, Lexington is not entitled under the law to the damages it would allege.  Again, Amazon conflates the proof requirements of willful infringement with the pleading requirements.  Amazon's asserted defenses are not at issue in the pleading stage.  Lexington would be prejudiced if it was not able to assert its claim of willful infringement.

**CONCLUSION**

For the foregoing reasons, Lexington respectfully requests that the Court deny Defendants' Motion in its entirety.

DATED:  June 18, 2015                    Respectfully submitted,

**LEXINGTON LUMINANCE LLC**,
By its attorneys,

/s/ *Robert D. Katz*
David S. Godkin  (BBO#196530)
Andrew A. Caffrey III (BBO#660481)
B<small>IRNBAUM</small> & G<small>ODKIN</small> LLP
280 Summer Street
Boston, MA 02210
617-307-6100
godkin@birnbaumgodkin.com

Robert D. Katz
K<small>ATZ</small> PLLC
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
rkatz@katzlawpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ *Robert D. Katz*
Robert D. Katz